## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-50404
Summary Calendar

**Ben Ogbodiegwu,**

**Plaintiff-Appellant,**

**versus**

**Wackenhut Corrections Corporation,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Western District of Texas
(A-98-CV-295-JN & A-98-CV-300-JN)**
November 10, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ben Ogbodiegwu brought employment discrimination and other claims arising from his final months as a Counselor for Wackenhut Corrections Corporation ("WCC"). The district court granted summary judgment for the defendant, which we now affirm.

This lawsuit arose from Ogbodiegwu's employment at the Kyle New Vision Program ("the Kyle facility"), a drug treatment facility operated by WCC in Kyle, Texas. Ogbodiegwu began working at the Kyle facility on June 29, 1992 as a Counselor II, earning a quick promotion to a Counselor I supervisory position in October 1992. In January 1996, however, WCC began to have serious concerns with Ogbodiegwu's job performance. During that month, Ogbodiegwu left the Kyle facility without authorization,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to complete confidential client files as instructed by his supervisor, and lost his keys to several secure areas of the facility which required a lockdown of the entire facility and a suspension of normal operations.

On February 6, 1996, an employee hearing committee found that Ogbodiegwu's violations of company policy were hurting the effectiveness of the Kyle facility, and it recommended his dismissal.  Ogbodiegwu resigned the next day, February 7, 1996.

On July 17, 1997, Ogbodiegwu filed this lawsuit, charging WCC with race and national origin discrimination under Title VII, defamation, and intentional infliction of emotional distress.  On cross motions for summary judgment, the district court dismissed all of these claims.

Ogbodiegwu now appeals, raising two issues.  First, he challenges the district court's determination that most of his defamation claims were time-barred under the one-year statute of limitations in Section 16.002(a) of the Texas Civil Practice and Remedies Code.  Specifically, he contends that the statute of limitations does not apply to claims filed with the EEOC or the Texas Commission on Human Rights ("TCHR").  Because he asserted a cause of action for defamation in his charge of discrimination filed with the EEOC and TCHR, Ogbodiegwu believes that his defamation claims are governed by the same law that governs discrimation claims under Title VII.  In other words, he believes that he had 60 or 90 days after he received his right to sue

letter to file a suit for damages suffered as a result of the alleged defamation.

Ogbodiegwu offers no legal authority to support this argument, and it is clear that he misunderstands the consequences of filing a discrimination complaint. A charge of discrimination lodged with the EEOC is not the equivalent of a lawsuit, and it will not toll the statute of limitations or free Ogbodiegwu from his obligation of filing a defamation lawsuit within one year after the cause of action accrues. Ogbodiegwu's argument lacks merit, and the district court's ruling on this issue will stand.

Ogbodiegwu's second argument on appeal charges that the district court "deprived [appellant] (sic) his opportunity to present his evidence in support of his allegations." Although the district court recognized that less stringent standards are applied to pleadings of pro se plaintiffs, Ogbodiegwu argues that less stringent standards were not applied to his case and that he was denied his day in court as a result.

Ogbodiegwu's argument here is actually a reprise of his first argument. He is suggesting that the district court should have given this pro se plaintiff a break, declined to apply the statute of limitations, and allowed him to present evidence in support of his defamation claims. This line of reasoning reflects Ogbodiegwu's deep misunderstanding of the concessions afforded pro se parties in federal court. Although the pleadings filed by pro se parties are held to "less stringent standards than formal pleadings drafted by lawyers," pro se parties must

3

still comply with the rules of procedure and make arguments capable of withstanding summary judgment. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Grant v. Cellular</u>, 59 F.3d 523, 524 (5th Cir. 1995). There is certainly no authority for suggesting that pro se parties are exempt from provisions of substantive law that restrict or bar their causes of action. Thus, there is nothing improper in dismissing a pro se party's complaints on summary judgment, and nothing improper in doing it here.

Because both of Ogbodiegwu's claims lack merit, this Court affirms the district court's grant of summary judgment in favor of WCC.

<u>AFFIRMED</u>.

The district court dismissed Ogbodiegwu's Title VII claims because the plaintiff could show neither a prima facie case nor rebut defendant's legitmate nondiscriminatory reasons for dismissal. The court found that most of Ogbodiegwu's defamation

claims were time-barred, with the remainder failing from a lack of evidence.